OPINION OF THE COURT
Rosenblatt, J.
In the appeal before us, Texas Eastern Transmission Corporation has challenged Tax Law § 186 (repealed by L 2000, ch 63, § 1, pt Y, § 3 [eff May 15, 2000]) as violative of the Commerce Clause of the United States Constitution. In essence, it asserts that section 186 — a franchise tax — was an unapportioned gross earnings tax that unduly burdened interstate commerce. In response, the Commissioner of Taxation and Finance argues that Tax Law § 186 applied only to gross earnings from sources within the State of New York and therefore satisfied the fair apportionment requirements of the Commerce Clause. Because Texas Eastern has failed to demonstrate how taxation under section 186 violated the Commerce Clause, we affirm the judgment of the Appellate Division.
Texas Eastern is a Delaware corporation with its principal place of business in Houston, Texas. During the years in question (1989, 1990 and 1991), it owned and operated a natural gas pipeline system spanning some 1,900 miles, extending from Texas to the midwest and northeast United States. Approximately 2.5 miles of the pipeline ran into New York, terminating at a meter and regulating station located on Staten Island. In its New York corporate tax returns, Texas Eastern reported total gross earnings of approximately $1.976 billion in 1989, $1.607 billion in 1990 and $1.443 billion in 1991. Section 186 taxed only the company’s gross earnings from New York sources: approximately $136 million in 1989, $125 million in 1990 and $117 million in 1991.
In 1994, the company sought a refund for those three years, contending that because, nationwide, it transported a higher volume of natural gas as a common carrier than it sold as a merchant, it should have been taxed as a transportation business under Tax Law §§ 183 and 184 rather than as a merchant under Tax Law § 186. Disagreeing, the Division of Taxation applied a “gross receipts test” to the company’s nationwide revenue and concluded that the company was properly taxed under section 186 because it derived “greater than 50% of its gross receipts from the sale of gas.”
Texas Eastern appealed to the Division of Tax Appeals, pressing its argument that it was, principally, a transporter rather than a merchant. In the alternative, the company *326 maintained that the tax was “unapportioned” and that “to the extent the section 186 tax applies to interstate transactions, that is to sales in New York of gas that is brought into the state from a sister state, the section violates the Commerce Clause and * * * is therefore unconstitutional as applied to interstate transactions.” In reliance on Texas Eastern’s nationwide data, the Division of Tax Appeals held that Texas Eastern was properly taxed as a merchant, based on the gross receipts standard. As to the constitutional issue, it concluded that the company’s “argument lacks any reference to specific facts or circumstances” of this case. Thus, the Division of Tax Appeals characterized the company’s challenge as a facial one, and “deemed” the statute constitutional. Texas Eastern took a further appeal to the Tax Appeals Tribunal, which affirmed.
In this CPLR article 78 petition, initiated before the Appellate Division pursuant to Tax Law § 2016, Texas Eastern framed the issue as follows: “Does the corporate franchise tax imposed by section 186 of the New York Tax Law violate the Commerce Clause of the United States Constitution when it is levied on Petitioner’s unapportioned gross earnings from New York?”[1] Treating the company’s constitutional challenge as a facial one based on the record before it, the Appellate Division held that because section 186 taxed gross earnings from New York sources only, the company had not demonstrated that the tax was unconstitutional.
Texas Eastern appealed to this Court as of right (see, CPLR 5601 [b] [1]) and we now affirm.
Tax Law § 186 was a franchise tax applicable to corporations principally engaged in certain designated businesses. One such business was supplying gas delivered through mains or pipes. Section 186 (1) taxed “gross earnings from all sources within this state.” Gross earnings were defined as “all receipts from the employment of capital without any deduction” (Tax Law § 186 [1]).
The Commerce Clause provides that “[t]he Congress shall have Power * * * [t]o regulate Commerce with foreign Nations, and among the several States” (US Const, art I, § 8, cl [3]). Though phrased as a positive grant of regulatory power to Congress, the United States Supreme Court has long interpreted the Commerce Clause to have a “negative” or “dormant” *327 implication that prevents States from unduly interfering with interstate commerce (see, Oklahoma Tax Commn. v Jefferson Lines, 514 US 175, 179; Oregon Waste Sys. v Department of Envtl. Quality, 511 US 93, 98). Although the Supreme Court’s Commerce Clause jurisprudence has evolved over time, the Court has consistently recognized that the clause was designed to prevent the “economic Balkanization that had plagued relations, among the Colonies and later among the States under the Articles of Confederation” (see, Hughes v Oklahoma, 441 US 322, 325-32G).[2]
Addressing the dormant Commerce Clause, our analysis begins with Complete Auto Tr. v Brady (430 US 274), in which the Supreme Court fashioned a comprehensive four-part test for determining whether a State tax unduly burdened interstate commerce. The tax would satisfy the dormant Commerce Clause if it “[i] is applied to an activity with a substantial nexus with the taxing State, [ii] is fairly apportioned, [iii] does not discriminate against interstate commerce, and [iv] is fairly related to the services provided by the State.” (Complete Auto Tr. v Brady, supra, 430 US, at 279.)
Texas Eastern limits its constitutional challenge to Complete Auto’s second prong (the fair apportionment requirement), the purpose of which is to prevent each State from taxing any more than its fair share of an interstate transaction (see, Goldberg v Sweet, 488 US 252, 260-261). As one commentator explained, “[i]f every state could tax the entirety of a company’s business, the company would face enormous liabilities” (see, Chemerinsky, Constitutional Law: Principles and Policies § 5.4.3, at 343 [1997]).
In the proceedings below and in its briefs to this Court, Texas Eastern challenged the tax insofar as it applied to gross earnings from sales of natural gas delivered in New York, without “apportioning” a segment of those gross earnings to activities outside the State that contributed to the company’s New York sales. Thus, according to the company, section 186 is an “unapportioned” gross earnings tax that contravenes the dormant Commerce Clause. At oral argument before this Court, Texas Eastern also argued that Tax Law § 186 was being applied not only to the company’s gross earnings from its sales but also to its gross earnings from transportation services as a common carrier, without “apportioning” a segment of its gross earnings *328 from transportation services to the other States through which the pipeline passed.
Texas Eastern’s challenge to section 186, however, was based on its nationwide data. Although the record establishes that section 186 taxed only gross earnings from New York sources, it does not demonstrate the extent to which gross earnings from New York sources came from sales, transportation, or other sources. In other words, we do not know what specific New York activities were being taxed. In its post-argument submission, Texas Eastern informed this Court that the “overwhelming amount, although not all” of gross earnings from New York sources came from sales. Even if so, the record would still fail to demonstrate how the income attributed to the State of New York is grossly distorted or out of all proportion to the company’s business in this State (see, Container Corp. v Franchise Tax Bd., 463 US 159, 169-170; see also, Tyler Pipe Indus. v Washington State Dept. of Revenue, 483 US 232, 251; Standard Pressed Steel Co. v Department of Revenue, 419 US 560, 563-564).
Accordingly, the judgment of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Smith, Ciparick and Wesley concur; Judge Levine taking no part.
Judgment affirmed, with costs.

. Texas Eastern did not seek review of the determination of the Tax Appeals Tribunal that its principal business activity (for purposes of section 186) was that of supplying — as opposed to transporting — natural gas.

. As to New York’s early role in the matter, see Kaminski, George Clinton: Yeoman Politician of the New Republic, at 91 (1993).